UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID KENDALE LAMB,

      Plaintiff,

v.                                            Case No. 2:14-cv-218
                                            HON. GORDON J. QUIST

SUSAN WILSON, et al.,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed a "Motion for Physical Examination pursuant to Rule of Civil Procedure 35 and Emergency Injunction" (Docket #6). Plaintiff filed this prisoner 42 U.S.C. § 1983 claim against Nurse Practitioner Susan Wilson, Nurse Practitioner Matthew Shullick, Health Unit Manager Mellissa LaPlaunt and Corizon. Plaintiff alleges that he suffers with spinal nerve damage that has caused him pain for the last seven years. Plaintiff is wheel chair bound, can barely get out of bed, has numbness and loss of sensation in his legs and feet, as well as other symptoms associated with his condition. Plaintiff alleges that he urinates and passes bowel on himself. Plaintiff alleges that he has lost over 65 pounds because he is afraid to eat and pass stool which causes severe pain. Plaintiff alleges that defendants have been deliberately indifferent to his medical needs for over the last seven years. Plaintiff alleges that he has never been diagnosed by a doctor who worked for the MDOC, and has never seen a doctor from any local hospital. Plaintiff alleges that defendants have simply prescribed pills and have never informed him that he has a herniated disc. Plaintiff believes he needs to see a specialist because the pills have not worked. Plaintiff alleges that the defendants do not know what they are doing. Plaintiff moves under Fed. R. Civ. P. 35 for an independent physical and mental examination. Plaintiff claims that his treatment over the past seven years is in

controversy in this case, and this court should order an examination of the plaintiff. Plaintiff would like an MRI, CT scan or an order sending him to War Memorial Hospital in Sault Ste Marie, Michigan. Plaintiff moves for emergency injunctive relief.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983

action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights. Plaintiff's allegations simply do not rise to the level of establishing a substantial likelihood of success on the merits of his claim. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Plaintiff requests that the court order an independent examination under Rule 35. MDOC Policy Directive 03.04.100 HH provides prisoners a procedure for seeking outside medical consultation at the prisoner's expense. If Plaintiff would like an independent medical examination he must follow the procedures as set forth in the MDOC policy. Plaintiff is not entitled to an independent medical examination without paying all costs associated with the examination. "Congress has not appropriated any funds for the hiring of expert medical witnesses to support the claims of indigent civil litigants. To the contrary, the Sixth Circuit has consistently held that a prisoner's right of access to the courts does not entitle him to have the public fund his general litigation expenses, such as witness fees. *See Johnson v. Hubbard,* 698 F.2d 286, 288 89 (6th Cir.1983); *accord Pedraza v. Jones,* 71 F.3d 194, 196 (5th Cir.1995) (district court lacked authority to appoint an expert witness at public expense to aid indigent litigant)." *Baker v. County of*

*Missaukee*, 2011 WL 4477154 at 3 (W.D. Mich. Sept. 26, 2011). Similarly, it is not appropriate for the court to order an independent medical examination for Plaintiff at public expense.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for a Rule 35 examination and for injunctive relief (Docket #6) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: April 8, 2015