UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DAVID KENDALE LAMB,

       Plaintiff,

v.                                                              Case No. 2:14-CV-218

SUSAN WILSON, et al.,                       HON. GORDON J. QUIST

       Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner confined with the Michigan Department of Corrections, sued several Defendants pursuant to 28 U.S.C. § 1983 alleging that they violated his Eighth Amendment rights by failing to provide him proper medical care for his back. Plaintiff alleges that he suffers from spinal nerve damage that has caused him pain for the last seven and one-half years and that Defendants have failed to properly treat his medical condition. On November 20, 2014, Plaintiff filed a motion for a physical examination pursuant to Federal Rule of Civil Procedure 35 and for an emergency injunction to compel a physical exam pursuant to Rule 35 (dkt. # 6). On April 8, 2015, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court deny Plaintiff's motion. Applying the preliminary injunction factors, *see In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985), the magistrate judge concluded that Plaintiff failed to demonstrate a strong or substantial likelihood of success on the merits and that Plaintiff failed to show that he will be irreparably harmed if the requested relief is not granted. (R & R at 3.) The magistrate judge further reasoned that Plaintiff's request should be denied because MDOC Policy Directive 03.04.100 HH provides a procedure for prisoners to obtain an outside medical examination

at the prisoner's own expense, and it would be inappropriate for the Court to order a medical examination for Plaintiff at public expense. (*Id.* at 3–4.)

Plaintiff has filed Objections to the R & R, asserting that the magistrate judge erroneously concluded that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits because he has presented evidence of an objectively serious medical need—treatment for his back injury—which Defendants ignored by refusing to have Plaintiff examined by a physician. Plaintiff further notes that Defendants failed to offer evidence that refuted his evidence or showed that his claims were false. Plaintiff also contends that without an MRI or CT scan, the Court will have no basis to determine which of Plaintiff's vertebrae is damaged.

After conducting a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Initially, the Court notes that it concurs with the magistrate judge's observation that Plaintiff has not shown a strong likelihood of success. This is not to say that Plaintiff cannot ultimately prevail on the merits of his claim, but at this juncture Plaintiff has not met the high burden of demonstrating a substantial likelihood of success on his Eighth Amendment claim. In this regard, the Court is particularly mindful that courts are generally hesitant to interfere with matters of prison administration and should defer to the professional judgment of prison administrators. *See Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S. Ct. 2162, 2167 (2003). More importantly, the magistrate judge was correct to recommend denial of Plaintiff's request for a medical examination because it is well established that Rule 35 of the Federal Rules of Civil Procedure "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003). Instead, the rule "allow[s] the court to order a party to submit to a physical examination at the request of an opposing party." *Id.*; *see also Foster*

2

*v. Lombardi*, No. 1:12-CV-116-JAR, 2013 WL 3820718, at *1 (E.D. Mo. July 23, 2013) (noting that Rule 35 does not vest district courts with authority to appoint an expert to examine a party on his own motion and denying the plaintiff's for a medical examination). "Courts . . . have consistently concluded that Rule 35 may not be used by a section 1983 inmate plaintiff to secure either medical treatment for the plaintiff or to obtain expert witness testimony to advocate on the plaintiff's behalf." *Cottle v. Nevada Dep't of Corrs.*, No. 3:12-cv-645-MMD-WGC, 2013 WL 5773845, at *2 (D. Nev. Oct. 24, 2013); *see also Adams v. Epps*, No. 5:08-CV-154-DCB-MTP, 2008 WL 4861926, at *1 (S.D. Miss. Nov. 10, 2008) (same).

Plaintiff contends that the All Writs Act, 28 U.S.C. § 1651(a), allows the Court to create a remedy by ordering Defendants to transport plaintiff off site to conduct an MRI and/or CT scan. However, Plaintiff cites no authority for the proposition that the Court retains the authority to order Defendants or nonparties to pay the cost of a medical examination for a plaintiff prisoner and to transport him off site for such purpose. In *Ivey v. Harney*, 47 F.3d 181 (7th Cir. 1995), the court addressed the issue of whether the All Writs Act authorized the district court to order the state department of corrections to transport a prisoner several hundred miles to be examined by a physician in preparation of a civil lawsuit. The court found that such a result would be contrary to 28 U.S.C. § 2241(c), which limits circumstances under which writs of habeas corpus may issue. *Id.* at 185. Thus, according to the Seventh Circuit, the All Writs Act does not authorize a district court to compel a prisoner's custodian to transport the prisoner off site to acquire evidence for the prisoner to use in his suit. *Id.* at 186. The All Writs Act therefore cannot afford Plaintiff the relief he seeks. Accordingly, for the reasons set forth in the April 8, 2015 R & R, the Court will deny Plaintiff's motion for a Rule 35 examination and for injunctive relief.

Therefore,

3

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued April 8, 2015 (dkt. # 33 ) is **ADOPTED** as the Opinion of the Court. Plaintiff's Motion for Physical Examination Pursuant Federal Rule of Civil Procedure 35 and Emergency Injunction (dkt. # 6) is **DENIED**.

Dated:  June 26, 2015                                   /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE