UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID K. LAMB,

    Plaintiff,                                  Case No. 2:14-CV-218

v.                                                   Hon. Gordon J. Quist

SUSAN WILSON, et al.,

    Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On February 2, 2016, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation in which he recommended that the Court grant the motion for summary judgment filed by Defendants Susan Wilson, Matthew Shullick, and Corizon Health, Inc. Plaintiff filed objections, which the Court has reviewed de novo. For the reasons that follow, the Court will overrule Plaintiff's objections and adopt the R & R.

Wilson and Shullick, both nurse practitioners, treated Plaintiff for back pain. Both defendants provided Plaintiff with various medications, including steroids and pain relief drugs, and instructed him on practices such as stretching and avoiding the weight pit. After thoroughly detailing the Plaintiff's symptoms and treatment, the magistrate judge concluded that Shullick and Wilson treated Plaintiff in accordance with his symptoms, and that the care they provided was not "so woefully inadequate as to amount to no treatment at all." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (internal quotation marks omitted).

Plaintiff objects to the magistrate judge's conclusion, arguing that Wilson and Shullick failed to diagnose Plaintiff's condition and failed to treat the incontinence stemming from Plaintiff's back injury. Plaintiff points to the affidavits he submitted from other prisoners attesting to the severity

of Plaintiff's back pain and incontinence. Plaintiff's objections amount to a disagreement over the adequacy of his treatment. The affidavits provided by Wilson and Shullick make clear that they utilized their medical judgment to provide care that responded to Plaintiff's symptoms at the time of treatment. While Plaintiff may disagree with the judgment exhibited, and may have desired more aggressive treatment, that is insufficient to demonstrate a violation of the Eighth Amendment. *See Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357, 358 (6th Cir.2002) (holding that a prisoner's disagreement with the medical treatment he received was insufficient to state a claim under the Eighth Amendment).

Finally, Plaintiff has failed to demonstrate that Corizon, Inc. has a practice or policy of denying medical care or failed to supervise its employees. The fact that other prisoners have sued Corizon for denial of medical care is insufficient to make such a showing.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed February 2, 2016 (ECF No. 68), is **ADOPTED**.

**IT IS FURTHER ORDERED** that the summary judgment motion filed by Defendants Wilson, Shullick, and Corizon Health (ECF No. 47) is **GRANTED**. Plaintiff's claims against those defendants are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 56) is **DENIED**.

Dated: March 7, 2016              /s/ Gordon J. Quist
                                   GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE