UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID K. LAMB,

    Plaintiff,

v.   Case No. 2:14-cv-218
    HON. GORDON J. QUIST

MELISSA LAPLAUNT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff David K. Lamb, an inmate currently confined at the Muskegon Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging a denial of medical care and treatment under the Eighth Amendment against Defendants Nurse Practitioner Susan Wilson, Nurse Practitioner Matthew Shullick, Health Unit Manager Melissa LaPlaunt, and health care provider Corizon. Plaintiff suffers with spinal nerve damage that causes significant pain and limitations. Plaintiff complained that he had not received treatment for over seven years, was refused an MRI, and was given ineffective medication for his care.

The Court dismissed Defendants Wilson, Shullick, and Corizon by granting their motion for summary judgment on March 7, 2016. (ECF No. 70). The Court found that Defendants nurse Wilson and nurse Shullick utilized their medical judgment and provided care to Plaintiff by responding to his symptoms at the time of treatment. Plaintiff's disagreement with the manner of care was insufficient to support a claim that Defendants Wilson and Shullick were deliberately indifferent to Plaintiff's serious medical needs. The Court further found that Plaintiff did not

demonstrate that Defendant Corizon had a practice or policy of denying medical care or failing to supervise its employees. Defendant LaPlaunt did not file a motion for summary judgment. On August 10, 2016, this matter was set for trial on February 13, 2017. (ECF No. 86). On January 30, 2017, trial was rescheduled to April 25, 2017. (ECF No. 113). The Court provided Defendant LaPlaunt an opportunity to file a motion for summary judgment by February 15, 2017. *Id*.

Defendant LaPlaunt is a Health Unit Manager at the Chippewa Correctional Facility. Defendant LaPlaunt had no health care contact with Plaintff while he was housed at the Chippewa facility. (Affidavit of Melissa LaPlaunt, ECF No. 142-2, PageID.839). Her only involvement with Plaintiff was when she reviewed a grievance he submitted on July 22, 2015, regarding an alleged denial of treatment for back pain.[1] *Id*. Plaintiff has claimed that Defendant LaPlaunt failed to "go over" former Defendant Nurse Wilson's head to the Warden, the MDOC Director, and the Utilization Management for former Defendant Corizon. Defendant LaPlaunt asserts that she did not need to "go over" Nurse Wilson's head, because she did not deem Nurse Wilson's treatment of Plaintiff as substandard. Further, Defendant LaPlaunt explains that since she was a not a medical provider, she would not have been in a position to schedule Plaintiff for an MRI or CT scan, and under law she is not allowed to diagnose or prescribe an MRI or CT scan for a patient. (PageID.840). Defendant LaPlaunt has now filed a motion for summary judgment (ECF No. 123). Plaintiff filed a motion for summary judgment and a reply in opposition (ECF No. 127).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.

---

[1] Plaintiff transferred to the Oaks Correctional Facility on July 28, 2015. At some point, Plaintiff was moved to the Duane Water Health Center and, in February of 2017, was scheduled for spinal surgery. (ECF No. 128).

2

Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue). The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately

indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir.

5

2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

In the opinion of the undersigned, Plaintiff has not shown that Defendant LaPlaunt was involved in his treatment and care while he was confined at the Chippewa Facility. Plaintiff argues that Defendant LaPlaunt should have gone-over Defendant Nurse Wilson's head when Defendant Nurse Wilson failed to provide proper care. The Court has already dismissed Defendant Wilson from this case after concluding that she provided appropriate medical treatment for the symptoms that Plaintiff presented. Although, Plaintiff argues that Defendant LaPlaunt should have sent him for an MRI or CT scan, Defendant LaPlaunt explains that she was not involved in Plaintiff's medical care, and that she legally could not diagnose Plaintiff or prescribe an MRI or CT scan under Michigan law. Essentially, Plaintiff has asserted that Defendant LaPlaunt is liable for failing to supervise Defendant Wilson. In the opinion of the undersigned, Plaintiff's claim fails for two reasons. First, this Court has already determined that Defendant Wilson did not violate Plaintiff's Eighth Amendment rights. Second, supervisory liability may not be imposed under § 1983.

Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S.

at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights.  *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985).  However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct.  *Leach*, 891 F.2d at 1246.  Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable.  *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992).  In addition, plaintiff must show that defendant had some duty or authority to act.  *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991).  In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability.  *See Shelly v. Johnson*, 684 F.

Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant LaPlaunt was personally involved in the activity which forms the basis of his claim. Defendant LaPlaunt's only role in this action involve the review of administrative grievances at the time Plaintiff was transferred to a new prison. Defendant LaPlaunt cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000).

Defendant LaPlaunt alternatively moves for qualified immunity.[2] Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment,

---

[2] Plaintiff argues that the court already determined that Defendant LaPlaunt was not entitled to the defense of qualified immunity. The Court determined that Plaintiff was not entitled to dismissal for failure to state a claim upon which relief may be granted based upon qualified immunity under Rule 12(b)(6). Most motions filed under Rule 12(b)(6) in prisoner civil rights cases will fail, because the Court conducts a comprehensive initial review of the complaint to determine whether the complaint is frivolous or fails to state a claim upon which relief should be granted before the complaint is served upon any Defendant. Defendant LaPlaunt now moves appropriately under Rule 56, which requires the Court to determine whether a genuine issue of material fact exists for trial.

distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*. As previously discussed, because Plaintiff cannot establish that his constitutional rights were violated, defendant LaPlaunt is entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant LaPlaunt's motion for summary judgment. Accordingly, it is recommended that Defendant LaPlaunt's Motion for Summary Judgment and qualified immunity (ECF No. 123) be granted and that this case be dismissed in its entirety. It is further recommended that Plaintiff's request for summary judgment (ECF No. 120) be denied.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

9

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:  March 9, 2017

                                              /s/ Timothy P. Greeley
                                              TIMOTHY P. GREELEY
                                              UNITED STATES MAGISTRATE JUDGE