UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID K. LAMB,

       Plaintiff,                                           Case No. 2:14-CV-218

v.                                                          Hon. Gordon J. Quist

SUSAN WILSON, et al.,

       Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, David K. Lamb, a prisoner incarcerated with the Michigan Department of Corrections, filed a complaint on October 16, 2014, against Defendants Susan Wilson, Nurse Practitioner Matthew Shullick, Health Unit Manager Melissa LaPlaunt, and Corizon Health Care, Inc, alleging that they violated his Eighth Amendment rights by ignoring his need for medical care. Plaintiff alleged that he suffered from spinal nerve damage that had caused him pain for the last seven years. Plaintiff alleged that Defendants were deliberately indifferent to his medical needs because he was not seen by a doctor from the MDOC or a local hospital, and Defendants only prescribed pills.

On February 2, 2016, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation (ECF No. 68) recommending that the Court grant Defendants Wilson, Shullick, and Corizon's motion for summary judgment and deny Plaintiff's motion for summary judgment. Magistrate Judge Greeley recommended that Defendants Wilson and Shullick were entitled to summary judgment because they used their medical judgment to provide care to Plaintiff's symptoms, and Plaintiff's claim amounted to a disagreement over the adequacy of treatment. On

March 7, 2016, the Court entered an Order overruling Plaintiff's objections and adopting the February 2, 2016 Report and Recommendation. (ECF No. 70.) As a result, Defendant LaPlaunt was the only Defendant remaining in the case.

On March 17, 2016, this Court issued an Opinion and Order denying Defendant LaPlaunt's motion to dismiss. (ECF No. 71.) The Court concluded that Plaintiff's allegations in his complaint sufficed to state a claim against Defendant LaPlaunt and that Defendant LaPlaunt's arguments were more appropriate for a properly-supported motion for summary judgment under Rule 56. (*Id.* at PageID.536.) Subsequently, Defendant LaPlaunt filed a motion for summary judgment, supported by her affidavit, and Plaintiff filed a response, to which LaPlaunt filed a reply.

On March 9, 2017, Magistrate Judge Greeley issued a Report and Recommendation (R & R), in which he recommended that the Court grant LaPlaunt's motion for summary judgment. The magistrate judge noted that LaPlaunt had no health care contact with Plaintiff, and her only involvement with Plaintiff was responding to a grievance that Plaintiff filed. (ECF No. 135 at PageID.923.) The magistrate judge noted that, while Plaintiff argued that LaPlaunt should have gone over Defendant Wilson's head when Defendant Wilson failed to provide proper care, LaPlaunt said that she did not need to go over Wilson's head because LaPlaunt did not deem Wilson's treatment of Plaintiff substandard. (*Id.* at PageID.923, 927.) The magistrate judge concluded that Plaintiff's claim against Defendant LaPlaunt fails because the Court already dismissed Plaintiff's Eighth Amendment claim against Defendant Wilson, and Plaintiff's claim against LaPlaunt is premised solely on supervisory liability, which is not a permissible basis for imposing liability under § 1983. (*Id.* at PageID.927.)

Plaintiff has filed an Objection to the R & R. In addition, Plaintiff has filed a motion for leave to file an amended complaint or to file a new action.

2

*Plaintiff's Objection*

After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted, Defendant LaPlaunt's motion for summary judgment granted, and Plaintiff's motion for summary judgment denied.

In his Objection, Plaintiff raises a number of arguments, but none of them overcomes the undisputed fact that Defendant LaPlaunt was not a medical provider for Plaintiff. As the magistrate judge correctly noted, "a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016). In other words, "a mere failure to act will not suffice to establish supervisory liability." *Id.* Thus, the fact that Defendant LaPlaunt is a supervisor, or responded to one of Plaintiff's grievances, are not a bases for imposing liability. In addition, the Court has already dismissed Defendants Wilson and Shullick from the case, having found that Plaintiff failed to show that they violated his Eighth Amendment rights. Finally, the fact that the Court previously denied Defendant LaPlaunt's motion to dismiss is irrelevant, as Defendant LaPlaunt has filed a motion for summary judgment supported by an affidavit.

*Motion to Amend*

In his motion for leave to file an amended complaint, Plaintiff argues that an MRI performed in 2016, and Plaintiff's spinal surgery in 2017, provide additional support for his claims against Defendants LaPlaunt, Wilson, Shullick, and Corizon. Plaintiff says that this new evidence also shows that Gerald Covert, RN, Patricia Lamb, RN, and Robert Crompton, MD, who Plaintiff did not name in his complaint in this action, were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave [to amend] when justice so requires." However, a court is not required to mechanically grant requests for leave to amend. "A district court may deny a party leave to amend a complaint if there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Raiser v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, 494 F. App'x 506, 508 (6th Cir. 2012) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).

Here, Plaintiff's request is not really a motion to leave to amend, but instead, at least with regard to the already-dismissed Defendants, is more properly characterized as a motion for relief from judgment under Rule 60(b)(2) based on newly discovered evidence. Regardless, Plaintiff's new evidence does not alter the Court's prior order dismissing Defendants Wilson, Shullick, and Corizon. As for Wilson and Shullick, while such evidence could show that they were mistaken in their judgment about the treatment Plaintiff required, it does not alter the Court's conclusion that Plaintiff failed to show that they were deliberately indifferent under the Eighth Amendment. "Deliberate indifference . . . does not include negligence in diagnosing a medical condition." *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976)). Moreover, Plaintiff's new evidence does not alter the fact that Defendant LaPlaunt was merely a supervisor. Finally, as for Plaintiff's request to file a new action against unnamed Defendants, Plaintiff does not need this Court's permission to file a new action, but he may not do so as part of the instant case.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed (ECF No. 135), is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant LaPlaunt's Motion for Summary Judgment and Qualified Immunity (ECF No. 123) is **GRANTED**, and Plaintiff's claim against Defendant LaPlaunt is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 127) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Civil Complaint or New Action (ECF No. 171) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions and objections (ECF Nos. 130, 131, 145, 150, 158, 177, and 178) are **DENIED AS MOOT**.

This case is **concluded**.

A separate judgment will enter.

Dated: May 12, 2017                               /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE